IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>JOHNNY TREVINO,  )<br>  )<br>Defendant.  )  | Case No. 8:08CR122<br><br>ORDER |

Pending for consideration before me is Trevino's Motion to Sever (#49). Evidence was taken and oral argument heard on April 21, 2008.

Johnny Trevino and Silvia Venzor-Estrada are charged in Count I of the Indictment with encouraging & inducing illegal aliens to reside in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). Trevino moves for a severance of his trial from the trial of Venzor-Estrada, alleging that a joint trial would violate his Sixth Amendment right to confront witnesses, based on Venzor-Estrada's statement to law enforcement that she was aware of the illegal status of some individuals that she cooked for who worked for Trevino (Defendant's Exhibit 101).

The government contends that joinder is proper under both Rule 8(b) and Rule 14 of the Federal Rules of Criminal Procedure and that severance is not required.

Relief from prejudicial joinder is governed by Fed. R. Crim. P. 14.

> "When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995), *cert. denied,* [116 S. Ct. 1449] (1996). Rule 8 and Rule 14 are to be given a liberal construction in favor of joining the trial of several defendants. *Id.*

Rule 8 permits the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8. For proper joinder under this provision, [i]t is not necessary that every defendant have participated in or be charged with each offense." *Darden*, 70 F.3d at 1527 (internal quotations omitted)....

If joinder is proper under Rule 8, the defendant seeking severance has the heavy burden of demonstrating that a joint trial will impermissibly infringe his right to a fair trial. *Id.* This burden may be satisfied by showing that the jury was unable to compartmentalize the evidence against each defendant or that the defendants' defenses are irreconcilable. [*United States v. Jackson*, 64 F.3d, 1213, 1217 (8th Cir. 1995)].

The court finds that the joinder of defendants is proper under Fed. R. Crim. P. 8. The issue presented is whether Trevino will be unfairly prejudiced at a joint trial due to Venzor-Estrada's statement implicating herself under Count I of the Indictment. Trevino argues that any attempt to introduce the co-defendant's statement would violate his Sixth Amendment rights. *See Bruton v. United States*, 391 U.S. 123 (1968).

The Sixth Amendment issue was addressed in *United States v. Miller*, 995 F.2d 865, 867 (8th Cir.), *cert. denied*, 510 U.S. 1018 (1993):

In *Bruton v. United States*, 391 U.S. 123, 126 (1968), the Supreme Court held that the admission in a joint trial of a nontestifying co-defendant's confession expressly implicating the defendant violated the defendant's right under the Sixth Amendment to confront the witnesses against him, even if the trial court instructed the jury to consider the confession only against the co-defendant that had made the statement. In a more recent case, however, the Court held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). We have subsequently held that the Confrontation Clause is not violated where a defendant's name is replaced by a neutral pronoun and the redacted confession implicates the defendant only when connected with other evidence in the case. *See, e.g., United States v. Donahue*, 948 F.2d 438, 444 (8th Cir. 1991), *cert. denied*, 503 U.S. 976 (1992); *United States v. Garcia*, 836 F.2d 385, 390 (8th Cir. 1987); *but see United States v. Long*, 900 F.2d 1270, 1280 (8th Cir. 1990) (*Bruton*

violated where redacted confession and co-defendant's cross-examination of witness "led the jury straight to the conclusion that 'someone' referred to [the defendant]").

(Parallel citations omitted).  *See also United States v. Pou*, 953 F.2d 363, 368-69 (8th Cir), *cert. denied*, 504 U.S. 926 (1992).

I find that the statement of Venzor-Estrada–that she was aware of the illegal status of some individuals she cooked for who worked for Trevino–does not expressly implicate Trevino.  The statement is distinguished on the facts from *Bruton* and *Miller*, as it contains no inculpatory content as to Trevino.

The general rule of this circuit is that persons jointly indicted on similar evidence for the same or related events should be tried together.  *United v. Jones*, 16 F.3d 275, 279 (8th Cir. 1994).  Rule 14, however, allows the court to sever defendants for trial or to sever counts as the result of prejudicial joinder of defendants in an indictment which is otherwise proper under Rule 8.  To obtain relief under Rule 14, the defendant must show the joinder is so prejudicial that it outweighs the interest of judicial economy and efficiency which result from joint trials.

In this instance, it appears to the court that a jury would be able to follow instructions to separate the evidence and limit the applicability of certain evidence to each defendant.  The interests of judicial economy and efficiency would not be served by holding separate trials because both defendants are charged with Encouraging and Inducing Illegal Aliens based on related events, there is no reason to believe that a properly instructed jury would not follow the law, and the record fails to establish the existence of any prejudice to Trevino that is not outweighed by the court's concern for judicial economy.

**IT IS ORDERED:**

1. The defendant's Motion to Sever (#49) is denied.

2. Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order *is clearly erroneous or contrary to law*. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  See NECrimR 57.2(d).

**DATED April 21, 2008.**

> **BY THE COURT:**
>
> s/ F.A. Gossett
> **United States Magistrate Judge**